1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona
   JILLIAN BESANCON
3  Assistant U.S. Attorney
   California State Bar No. 285869
4  Two Renaissance Square
   40 N. Central Ave., Suite 1800
5  Phoenix, Arizona 85004
   Telephone: 602-514-7500
6  Email: Jillian.Besancon@usdoj.gov
   Attorneys for Plaintiff
7

FILED ___ LODGED
RECEIVED ___ COPY

MAY 1 6 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

☒ FILED   ☐ LODGED

**Nov 07 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE DISTRICT OF ARIZONA

10  United States of America,                No. CR-23-08093-001-PCT-JJT

11                 Plaintiff,

12      vs.                                   **PLEA AGREEMENT**

13
    Ty O'Brien Shorty,
14
                   Defendant.
15

16      Plaintiff, United States of America, and the defendant, Ty O'Brien Shorty, hereby

17  agree to resolve this matter on the following terms and conditions:

18  **1.    PLEA**

19      The defendant will plead guilty to an Information charging a violation of Title 18,

20  United States Code, Sections 1153, 2244(a)(5) and 2246(3), Abusive Sexual Contact of a

21  Child, a Class A felony offense.

22  **2.    MAXIMUM PENALTIES**

23      a.      A violation of 18 U.S.C. §§ 1153, 2244(a)(5) and 2246(3) is punishable by a

24  maximum fine of $250,000, a maximum term of imprisonment of life, or both, and a term

25  of supervised release of at least five years and up to life.

26      b.      According to the Sentencing Guidelines issued pursuant to the Sentencing

27  Reform Act of 1984, the Court shall order the defendant to:

28

1         (1)     make restitution to any victim of the offense pursuant to 18 U.S.C.

2 § 3663 and/or 3663A, unless the Court determines that restitution would not be

3 appropriate;

4         (2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a

5 fine is not appropriate;

6         (3)     serve a term of supervised release when required by statute or when a

7 sentence of imprisonment of more than one year is imposed (with the understanding that

8 the Court may impose a term of supervised release in all other cases); and

9         (4)     pay upon conviction a $100 special assessment for each count to

10 which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

11         (5)     pay upon conviction an additional $5,000 special assessment pursuant

12 to 18 U.S.C. § 3014(a), unless the Court determines that the defendant is indigent.

13       c.     The Court is required to consider the Sentencing Guidelines in determining

14 the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court

15 is free to exercise its discretion to impose any reasonable sentence up to the maximum set

16 by statute for the crime(s) of conviction, unless there are stipulations to the contrary that

17 the Court accepts.

18 **3.**     **AGREEMENTS REGARDING SENTENCING**

19       a.     <u>Stipulation: Applicable Guideline and Base Offense Level.</u> Pursuant to Fed.

20 R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the cross-

21 reference in U.S.S.G. § 2A3.4(c)(1) shall apply, and thus that the applicable sentencing

22 guideline is U.S.S.G. § 2A3.1. The United States and the defendant further stipulate that

23 the applicable base offense level is 30 pursuant to U.S.S.G. § 2A3.1(a)(2). The parties

24 have no agreements as to whether any Specific Offense Characteristics apply and remain

25 · free to argue for their application or rejection.

26       b.     <u>Stipulation: Sentencing Range.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the

27 United States and the defendant stipulate that the defendant shall be sentenced to a term of

28 imprisonment of no less than 17 years. The United States and the defendant further

1    stipulate that the defendant shall be sentenced to a term of imprisonment of no more than

2    25 years *or* the low end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a),

3    whichever is greater.

4           c.      Recommendation: Acceptance of Responsibility. If the defendant makes full

5    and complete disclosure to the U.S. Probation Office of the circumstances surrounding the

6    defendant's commission of the offense, and if the defendant demonstrates an acceptance

7    of responsibility for this offense up to and including the time of sentencing, the United

8    States will recommend a two-level reduction in the applicable Sentencing Guidelines

9    offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16

10   or more, the United States will move the Court for an additional one-level reduction in the

11   applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

12          d.      Non-Binding Recommendations. The defendant understands that

13   recommendations are not binding on the Court. The defendant further understands that the

14   defendant will not be permitted to withdraw the guilty plea if the Court does not follow a

15   recommendation.

16          e.      Stipulation: Sex Offender Conditions. Pursuant to Fed. R. Crim. P.

17   11(c)(1)(C), the United States and the defendant stipulate, and the defendant agrees, to the

18   following sex offender conditions during the term of supervised release: within three days

19   from release from prison, the defendant shall register as a sex offender in accordance with

20   tribal, state, and federal law in any jurisdiction in which he resides, is employed, or is a

21   student, and will provide the supervising probation officer with verification of registration.

22   During the term of supervised release, the defendant shall undergo sex offender treatment

23   and counseling as directed by the probation department and as ordered by the Court. Such

24   treatment may include physiological testing, including clinical polygraph testing. If the

25   probation department, and the Court, in determining the most appropriate sentence, deems

26   it appropriate, the defendant shall submit to a presentence sex offender evaluation pursuant

27   to 18 U.S.C. § 3552(b). Such sex offender evaluation shall be conducted under the

28   standardized conditions set forth by the examiner. Defendant's attorney shall not be

1    present during any part of the examination unless otherwise authorized by the examiner in

2    advance of said evaluation or as otherwise agreed upon between the parties in writing. The

3    parties agree that any statements used in connection with the examination shall not be used

4    in the instant prosecution or in any subsequent federal prosecution of the defendant in the

5    District of Arizona. As a condition of supervised release, the defendant shall cooperate in

6    the collection of a DNA sample as authorized in 18 U.S.C. § 3583(d).

7         f.    Restitution. Pursuant to 18 U.S.C. § 3663, 3663A and/or 2248, the defendant

8    specifically agrees to pay full restitution to all victims in an amount to be determined by

9    the court, but in no event, more than $1,000,000.00 per victim. "Victims" include persons

10   or entities directly or proximately harmed by defendant's "relevant conduct" including

11   conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G.

12   §1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§

13   2259, 3663, 3663(A) or 2248. Pursuant to 18 U.S.C. §§ 3663 and 3664(j)(1), "victims"

14   also include persons or entities (whether private or government: state, federal or tribal) that

15   have paid or costs related to defendant's conduct, including insurance providers and health

16   care providers (including those such as Medicaid, Medicare and AHCCCS). Even if the

17   victim did not suffer physical injury, the defendant expressly agrees to pay restitution for

18   expenditures and future expenses related to treatment for mental or emotional trauma

19   suffered by the victims. Such expenditures shall include, but are not limited to: mental

20   health treatment and counseling, in-patient treatment, and traditional Native American

21   ceremonies treatment. The defendant understands that such restitution will be included in

22   the Court's Order of Judgment and that an unanticipated restitution amount will not serve

23   as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

24        g.    Assets and Financial Responsibility. The defendant shall make a full

25   accounting of all assets in which the defendant has any legal or equitable interest. The

26   defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or

27   transfer any such assets or property before sentencing, without the prior approval of the

28   United States (provided, however, that no prior approval will be required for routine, day-

- 4 -

1   to-day expenditures). The defendant also expressly authorizes the United States Attorney's

2   Office to immediately obtain a credit report as to the defendant in order to evaluate the

3   defendant's ability to satisfy any financial obligation imposed by the Court. The defendant

4   also shall make full disclosure of all current and projected assets to the U.S. Probation

5   Office immediately and prior to the termination of the defendant's supervised release or

6   probation, such disclosures to be shared with the U.S. Attorney's Office, including the

7   Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the

8   Inmate Financial Responsibility Program to fulfill all financial obligations due and owing

9   under this agreement and the law.

10       If the defendant is a member of a Native American tribe that provides "per capita"

11   payments to its members, the defendant agrees that any such "per capita" payment shall be

12   paid over to the Clerk of the Court and applied to the defendant's restitution obligation

13   until restitution to all victims is paid in full.

14   **4.   AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

15       a.   Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of

16   sentencing, shall dismiss the indictment.

17       b.   This agreement does not, in any manner, restrict the actions of the United

18   States in any other district or bind any other United States Attorney's Office.

19   **5.   COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

20       a.   If the Court, after reviewing this plea agreement, concludes that any

21   provision contained herein is inappropriate, it may reject the plea agreement and give the

22   defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

23   11(c)(5).

24       b.   If the defendant's guilty plea or plea agreement is rejected, withdrawn,

25   vacated, or reversed at any time, this agreement shall be null and void, the United States

26   shall be free to prosecute the defendant for all crimes of which it then has knowledge and

27   any charges that have been dismissed because of this plea agreement shall automatically

28   be reinstated. In such event, the defendant waives any and all objections, motions, and

1  defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

2  restrictions in bringing later charges or proceedings.  The defendant understands that any

3  statements made at the time of the defendant's change of plea or sentencing may be used

4  against the defendant in any subsequent hearing, trial, or proceeding subject to the

5  limitations of Fed. R. Evid. 410.

6  **6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

7  The defendant waives (1) any and all motions, defenses, probable cause

8  determinations, and objections that the defendant could assert to the indictment or

9  information; and (2) any right to file an appeal, any collateral attack, and any other writ or

10  motion that challenges the conviction, an order of restitution or forfeiture, the entry of

11  judgment against the defendant, or any aspect of the defendant's sentence, including the

12  manner in which the sentence is determined, including but not limited to any appeals under

13  18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

14  (habeas petitions), and any right to file a motion for modification of sentence, including

15  under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under

16  18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion).  This waiver shall

17  result in the dismissal of any appeal, collateral attack, or other motion the defendant might

18  file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

19  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

20  assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section

21  II.B of Ariz. Ethics Op. 15-01 (2015)).

22  **7.    DISCLOSURE OF INFORMATION**

23  a.    The United States retains the unrestricted right to provide information and

24  make any and all statements it deems appropriate to the U.S. Probation Office and to the

25  Court in connection with the case.

26  b.    Any information, statements, documents, and evidence that the defendant

27  provides to the United States pursuant to this agreement may be used against the defendant

28  at any time.

c.    The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)    criminal convictions, history of drug abuse, and mental illness; and

(2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.    Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.  Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule).  If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.    ELEMENTS**

**Abusive Sexual Contact of a Child**

On or about July 22 and July 23, 2023, in the District of Arizona:

1.    The defendant knowingly engaged in sexual contact with the victim, a child under the age of 12;

2.    The sexual contact involved the defendant placing his finger on the victim's anus, with an intent to abuse, humiliate, harass, and degrade the victim, or arouse or gratify the sexual desire of the defendant;

3.    The offense occurred on an Indian Reservation, in Indian Country; and

1       4.     The defendant was an Indian at the time of the offense. Specifically, at the

2                  time of the crime the defendant had some quantum of Indian blood and was

3                  a member of or was affiliated with a federally-recognized tribe.

4

5   **10.   FACTUAL BASIS**

6        a.     The defendant admits that the following facts are true and that if this matter

7   were to proceed to trial the United States could prove the following facts beyond a

8   reasonable doubt:

9           On or about the night of July 22 into July 23, 2023, within the confines of

10  the Navajo Nation Indian Reservation, Indian Country, the defendant, Ty
    O'Brien Shorty, knowingly engaged in sexual contact with the victim, Jane

11  Doe (whose real name is listed in the unredacted information). Jane Doe was
    four (4) years old at the time. The sexual contact involved the defendant

12  placing his finger on Jane Doe's anus, with an intent to abuse, humiliate,
    harass, and degrade Jane Doe and to arouse and gratify his sexual desire.

13          The defendant was an Indian at the time of the crime. Specifically, he had a
    sufficient quantum of Indian blood and was a member of and affiliated with

14  a federally recognized tribe, namely the Navajo Indian Tribe.

15       b.     The defendant shall swear under oath to the accuracy of this statement and,

16  if the defendant should be called upon to testify about this matter in the future, any

17  intentional material inconsistencies in the defendant's testimony may subject the defendant

18  to additional penalties for perjury or false swearing, which may be enforced by the United

19  States under this agreement.

20               **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

21       I have read the entire plea agreement with the assistance of my attorney.  I

22  understand each of its provisions and I voluntarily agree to it.

23       I have discussed the case and my constitutional and other rights with my attorney.

24  I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

25  to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

26  present evidence in my defense, to remain silent and refuse to be a witness against myself

27  by asserting my privilege against self-incrimination, all with the assistance of counsel, and

28  to be presumed innocent until proven guilty beyond a reasonable doubt.

- 8 -

1    I agree to enter my guilty plea as indicated above on the terms and conditions set

2    forth in this agreement.

3    I have been advised by my attorney of the nature of the charges to which I am

4    entering my guilty plea. I have further been advised by my attorney of the nature and range

5    of the possible sentence and that my ultimate sentence shall be determined by the Court

6    after consideration of the advisory Sentencing Guidelines.

7    My guilty plea is not the result of force, threats, assurances, or promises, other than

8    the promises contained in this agreement. I voluntarily agree to the provisions of this

9    agreement and I agree to be bound according to its provisions.

10    I understand that if I am granted probation or placed on supervised release by the

11    Court, the terms and conditions of such probation/supervised release are subject to

12    modification at any time. I further understand that if I violate any of the conditions of my

13    probation/supervised release, my probation/supervised release may be revoked and upon

14    such revocation, notwithstanding any other provision of this agreement, I may be required

15    to serve a term of imprisonment or my sentence otherwise may be altered.

16    This written plea agreement, and any written addenda filed as attachments to this

17    plea agreement, contain all the terms and conditions of the plea. Any additional

18    agreements, if any such agreements exist, shall be recorded in a separate document and

19    may be filed with the Court under seal; accordingly, additional agreements, if any, may not

20    be in the public record.

21    I further agree that promises, including any predictions as to the Sentencing

22    Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

23    (including my attorney) that are not contained within this written plea agreement, are null

24    and void and have no force and effect.

25    I am satisfied that my defense attorney has represented me in a competent manner.

26    I fully understand the terms and conditions of this plea agreement. I am not now

27    using or under the influence of any drug, medication, liquor, or other intoxicant or

28

1 | depressant that would impair my ability to fully understand the terms and conditions of this

2 | plea agreement.

3

4 | 5. 16. 24
   | Date

Ty O'Brien Shorty
Defendant

5

6 | **APPROVAL OF DEFENSE COUNSEL**

7 | I have discussed this case and the plea agreement with my client in detail and have

8 | advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

9 | constitutional and other rights of an accused, the factual basis for and the nature of the

10 | offense to which the guilty plea will be entered, possible defenses, and the consequences

11 | of the guilty plea including the maximum statutory sentence possible. I have further

12 | discussed the concept of the advisory Sentencing Guidelines with the defendant. No

13 | assurances, promises, or representations have been given to me or to the defendant by the

14 | United States or any of its representatives that are not contained in this written agreement.

15 | I concur in the entry of the plea as indicated above and that the terms and conditions set

16 | forth in this agreement are in the best interests of my client. I agree to make a bona fide

17 | effort to ensure that the guilty plea is entered in accordance with all the requirements of

18 | Fed. R. Crim. P. 11.

19

20 | 4/25/24
   | Date

Jeffrey A. Williams
Attorney for Defendant

21

22

23

24

25

26

27

28

- 10 -

1

## APPROVAL OF THE UNITED STATES

2       I have reviewed this matter and the plea agreement.  I agree on behalf of the United

3 States that the terms and conditions set forth herein are appropriate and are in the best

4 interests of justice.

5                                   GARY M. RESTAINO
                                  United States Attorney

6                                   District of Arizona

7                        *Jillian Besancon*  | JILLIAN BESANCON
                                        2024.04.26 11:49:09 -07'00'

_____

Date

8                                   Jillian Besancon
                                  Assistant U.S. Attorney

9

## ACCEPTANCE BY THE COURT

10

11    11/7/2024
   Date

12                                   Honorable John J. Tuchi
                                  United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28